IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEVON MARCEL ELLIOTT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRETT RICKENBERG, )<br>GAVIN HARTLEY, )<br>ZACH SWIFT, )<br>CPL STRATON, )<br>JOHN DOE, )<br>and JANE DOE, )<br>)<br>Defendants. ) | Case No. 21-cv-01429-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jevon Marcel Elliott, a former detainee in Jackson County Jail, filed the instant lawsuit for alleged deprivations of his rights during his arrest by Murphysboro Police Department and booking in Jackson County Jail. (Doc. 1). He brings this action against several individual officers pursuant to the Federal Tort Claims Act, 28 U.S.C. 1346, 2671-80.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): Murphysboro Police Officers arrested Plaintiff on October 1, 2021, under false pretenses for a failure to appear. Plaintiff explained to the officers that the warrant for his arrest was quashed by Judge Bloodworth

and asked to speak with a supervisor. The arresting officer refused to call a supervisor and used excessive force against him. Plaintiff was then transported to Jackson County Jail, where he was again subjected to excessive force during booking.

## Discussion

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80, which provides for "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). FTCA claims hinge on allegations of tortious conduct by federal officers, and the only proper defendant in an FTCA case is the United States. *See* 28 U.S.C. § 2679(b)(1). Plaintiff does not name the United States as a party and his claims arise from allegations of misconduct by local officials.

Even if Plaintiff invoked 42 U.S.C. § 1983, the Complaint would not survive screening as written. First, Plaintiff's claims are improperly joined because they arise from two distinct series of events and involve at least two separate groups of defendants.[1] *See* FED. R. CIV. P. 20; *Dorsey v. Varga*, -- F.4th --, 2022 WL 17688525 (7th Cir. decided Dec. 15, 2022) (citing FED. R. CIV. P. 20 and 21). Thus, Plaintiff would need to replead his properly joined claims in an amended complaint. Moreover, Plaintiff has not developed any claims with enough factual detail to proceed past screening under § 1915A. Therefore, the Complaint will be dismissed for failure to state a claim under the FTCA.

## Disposition

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for

---

[1] His first group of claims arises from his arrest by Murphysboro Police Department, and his second set of claims arises from the unlawful use of force by officers at Jackson County Jail.

relief under the Federal Tort Claims Act. The Clerk of Court is directed to **TERMINATE** the **DEFENDANTS** as parties in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before March 13, 2023. Should he fail to do so within the allotted time or consistent with the instructions in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-01429-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1).

Plaintiff is also **ADVISED** of his continuing obligation to keep the Clerk of Court and each opposing party informed of any address change. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 13, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
